IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFERY L. FOOTS, JR.                                              PLAINTIFF
ADC #153919

v.                            No. 5:15-cv-235-DPM

CANDANCE TYSON, Parole Officer,
Department of Community Correction; and
KANDY POOLE, Parole Supervisor,
Department of Community Correction                                 DEFENDANTS

ORDER

Foots brings this action alleging that Tyson, his parole officer, violated his constitutional rights when she prepared an inaccurate violation report that led to Foots's parole being revoked. № 2 at 4–6. Foots says he wrote to Poole, Tyson's supervisor, but received no help. *Id.* at 7. Money damages are Foots's only requested relief. *Id.* at 5.

The Court must screen Foots's complaint. 28 U.S.C. § 1915A(a). Foots hasn't stated a claim against Poole. He alleges only that he received no help after writing to inform Poole of his situation. № 2 *at 7*. Because Foots makes no plausible claim of misconduct by Poole, his complaint against her will be dismissed without prejudice for failure to state a claim.

-2-

Foots's claim against Tyson fares no better. A § 1983 suit for damages that, if successful, would imply the invalidity of a prisoner's sentence must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Foots's allegations against Tyson, if true, would necessarily imply that his parole revocation was invalid. Further, Foots hasn't shown that his sentence has been invalidated. His complaint against Tyson will therefore be dismissed without prejudice because it is *Heck*-barred. If Foots wants to challenge his continued detention, he must do so in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

So Ordered.

*D.P.Marshall Jr.*
D. P. Marshall Jr.
United States District Judge

10 August 2015